UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-cv-81166-DMM

HOWARD COHAN,

      Plaintiff,

v.

PHOENIX OF WEST PALM BEACH LLC,
a Florida Limited Liability Company d/b/a
BURGER KING #5777; PHOENIX OF
RIVIERA BEACH LLC, a Florida Limited
Liability Company d/b/a BURGER KING
#4451,

      Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendants PHOENIX OF WEST PALM BEACH LLC d/b/a BURGER KING #5777
and PHOENIX OF RIVIERA BEACH LLC d/b/a BURGER KING #4451, pursuant to Fed. R.
Civ. P. 12(b)(1) and 12(b)(6) and S.D. Fla. L.R. 7.1, hereby move to dismiss Plaintiff's
complaint.  Plaintiff fails to state a claim upon which relief can be granted and, based on
Plaintiff's sworn deposition testimony in a prior case, Plaintiff clearly lacks standing.  The
grounds supporting this motion are set forth below in the incorporated memorandum of law.

**I.**      **Introduction and Summary of Argument**

Plaintiff HOWARD COHAN is no stranger to this Court or to the other district courts in
Florida.  A search of the Pacer system confirms that Plaintiff has filed more than 1,900 lawsuits
in Florida district courts since 2013 alleging violations of Title III of the Americans with
Disabilities Act, 42 U.S.C. § 12181 et seq. ("Title III" of the "ADA"), including more than 1,600

lawsuits in the Southern District of Florida.

In this action, Plaintiff targets two (2) separate Burger King restaurant locations in Palm Beach County (the "Properties").  ECF No. 1 at ¶ 4.  In his complaint, Plaintiff alleges he is a person "with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb."  Id. at ¶ 6.  Plaintiff claims he suffers from a "qualified disability" under the ADA, and he also generally alleges that he is a "tester." Id. at ¶¶ 6 and 11.

However, by Plaintiff's own admission in prior sworn deposition testimony, ***Plaintiff does not use a wheelchair or cart***.  Without the need for a wheelchair, Plaintiff could not have actually encountered or been affected by the barriers he alleges – a laundry list of claimed technicalities focused on persons using wheelchairs including restroom plumbing insulation, maneuvering clearances, clear floor space, restroom grab bars, approach spacing, toilet paper dispensers and door pressure limits. Id. at ¶ 22.

This manifests in the complaint by its silence as to how Plaintiff *himself* was impacted by the alleged barriers, or how Plaintiff *himself* was denied full access to the Properties.  The silence is telling.  There are no such factual allegations of Plaintiff being denied full access because the alleged barriers (if they exist) would only impact access to a disabled person using a wheelchair. Without this critical element, Plaintiff's claims fail as a matter of law.

II.     **Plaintiff Admits He Does Not Use a Wheelchair or Cart**

Attached hereto as Exhibit "A" is the transcript of Plaintiff's deposition as filed in <u>Cohan</u>

v. Caribbean Dunes Owners Association, Inc., Case No. 3:14-cv-00538-MCR-EMT, ECF No.

17-1 (N.D. Fla.).  In that case, Plaintiff testified as follows:

> Q.  All right. Have you ever had to be in a wheelchair at all?
>
> A.  Other than surgeries, no.
>
> Q.  You don't have any sort of wheelchair or cart or anything like that for your daily living, correct?
>
> A.  No.

Exhibit "A" at 15:9 – 14.[1]

## III.   Applicable Standard on a Motion to Dismiss

Without jurisdiction over the subject matter, the nature of the case and the relief sought, a

court is powerless to render a ruling on the conduct of persons or the status of the proceeding.

Accordingly, challenges to a court's subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) should be addressed before any other issues because "the court must have jurisdiction in

order to determine the validity of a plaintiff's claims."   Access 4 All, Inc. v. Wintergreen

Comm'r P'ship., LTD, 2005 WL 2989307, at *1 (N.D. Tex. 2005) (citing Moran v. Kingdom of

Saudi Arabia, 27 F. 3d 169, 172 (5th Cir. 1994)); see also Taylor v. Appleton, 30 F.3d 1365,

1366 (11th Cir. 1994) ("A court must first determine whether it has proper subject matter

jurisdiction").

---

[1]    A 2016 news report from Tampa, Florida described locating Plaintiff, who the report described as "Florida's most prolific ADA plaintiff," and expressed the reporter's surprise watching Plaintiff "outside his million dollar Boca Raton rental sweeping the outside of his home. [The] cameras captured him raising the broom high above his head to reach corner crevices."  See https://www.abcactionnews.com/longform/crippled-florida-businesses-seek-help-over-serial-americans-with-disabilities-act-suers.   The surveillance footage embedded in the online report also shows that Plaintiff is able to walk and move without assistance.  Id.

"A motion to dismiss under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, may assert either a factual attack or a facial attack to jurisdiction." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). "A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings," whereas "[i]n a facial attack … the court examines whether the complaint has sufficiently alleged subject matter jurisdiction." Id. (internal citation and quotation omitted). Where the defendant asserts a facial attack, "[a]s it does when considering a Rule 12(b)(6) motion … the [C]ourt construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true." Id. (internal citation omitted).

In a factual challenge to subject matter jurisdiction, a district court can consider extrinsic evidence such as deposition testimony and affidavits. Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335 (11th Cir. 2013). *"In so doing, a district court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff."* Id. at 1336.

In addition to establishing subject matter jurisdiction, the factual allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet ... is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); Gunder's Auto Center v. State Farm Mut. Auto. Ins. Co., 422 Fed. Appx. 819, 821 (11th Cir. 2011) ("pleadings offering only labels and legal conclusions couched as factual

allegations enjoy no presumption of truth and offer no support to the sufficiency of the complaint").[2]

IV.   **Plaintiff's Complaint Should be Dismissed Because Plaintiff Lacks Standing**

A.   **Title III of the ADA**

"In order to prevail under Title III of the ADA, a plaintiff has the burden of proving; 1) that [he] is an individual with a disability; 2) that defendant is a place of public accommodation; and 3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant 4) on the basis of [his] disability." Shiavo ex re. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005).   "Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is 'readily achievable.'" Pinero v. 4800 W. Flagler, L.L.C., 430 Fed. Appx. 866 (11th Cir. 2011).   To be readily achievable, the removal of the barrier must be "easily accomplishable and able to be carried out without much difficulty or expense." Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006).

B.   **Article III Standing and the ADA**

To establish standing and thus subject matter jurisdiction pursuant to Rule 12(b)(1), Plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and Defendants' action; and (3) that the injury is redressable.   Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).   To obtain injunctive relief, Plaintiff must also show there is a real and immediate threat of future injury.   Id.   The injury in fact must be: (1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical.   Lujan v. Defenders Of Wildlife, 504 U.S. 555, 560 (1992).   As the Supreme Court confirmed in Spokeo, Inc. v. Robins, __ U.S. __,

---

[2]        The pleading standard set forth in Twombly applies to "all civil actions," including actions arising under the ADA and other civil rights statutes. Iqbal, 556 U.S. at 684.

136 S.Ct. 1540, 1548 (2016), a "'concrete' injury must be '*de facto*'; that is, it must actually exist."

Plaintiff's "standing to seek the injunction requested depend[s] on whether he [i]s likely to suffer future injury." Marod Supermarkets, 733 F.3d at 1334 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). Plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001). "That requires 'a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury.'" Marod Supermarkets, 733 F.3d at 1334 (quoting Shotz v. Cates, 256 F.3d 1077, 1082 (11th Cir. 2001)) (emphasis in original); see also Wooden, 247 F.3d at 1284 (the Eleventh Circuit "has often emphasized that to obtain prospective injunctive relief a plaintiff must show that he faces a *substantial likelihood* of injury in the future").

In actions seeking injunctive relief under Title III of the ADA, "Plaintiffs do not have standing to complain about alleged barriers *which are not related to their respective disabilities*." Brother v. CPL Investments, Inc., 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011) (an alleged barrier is not actionable unless "it affects the plaintiff's full and equal enjoyment of the facility *on account of his particular disability*").

Accordingly, a Title III plaintiff must include facts "from which this Court can infer that Plaintiff could not fully enjoy Defendants' facilities, services, goods, and amenities *because of his encounter with any of the barriers listed*." Campbell v. Grady's Bar Inc., 2010 WL 2754328, at *1 (S.D. Fla. July 12, 2010). Otherwise, the "Court is left to guess the manner in which Plaintiff suffered alleged discrimination under the ADA." Id.; see also Access Now, Inc. v. S.

Florida Stadium Corp., 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001) (a plaintiff's entry into or onto a property "does not automatically confer upon him a presumption that he was injured by any and all architectural barriers therein; his entitlement to relief depends on his showing that he was in fact injured, or subject to discrimination, as a result of the alleged violations"); Stringham v. 2921 Orlando Drive LLC, 2014 WL 2215769, at *2 (M.D. Fla. May 28, 2014) ("A laundry list of alleged barriers together with the barest allegation that Plaintiff either encountered some barrier or is a tester is simply insufficient to show an injury-in-fact"); Hilson v. D'More Help, Inc., 2015 WL 1737688, at *5 (S.D. Fla. Apr. 16, 2015) (granting motion to dismiss where complaint merely "recite[d] a barebones, pro forma, narrative of Defendant's alleged Title III noncompliance").

### C.   Plaintiff Lacks Standing

Plaintiff's complaint is exactly the type of barebones, pro forma Title III complaint which is routinely dismissed.  Plaintiff's complaint does no more than vaguely allege, in the barest possible way, the following legal conclusions: (a) Plaintiff has a disability; (b) there are alleged barriers at the Properties; and (c) Plaintiff would like to return to the Properties.  None of the factors critical to establish standing are supported with *actual facts*.  Merely claiming a disability and identifying alleged barriers is grossly insufficient.

### 1.   Plaintiff Fails to Establish a Concrete Injury in Fact

"Article III standing requires a concrete injury even in the context of a statutory violation."  Spokeo, 136 S.Ct. at 1549; see also Nicklaw v. CitiMortgage, Inc., 855 F.3d 1265, 1268 (11th Cir. 2017) (citing Spokeo in support of holding that plaintiff failed to allege concrete injury and finding "the violation of a legal right alone does not satisfy the concrete injury requirements"); Tarr v. Burger King Corp., 2018 WL 318477, at *2 – 4 (S.D. Fla. Jan. 5, 2018)

(granting motion to dismiss when plaintiff failed to connect the alleged statutory violations with any concrete injury); Longhini v. Pollo Operations, Inc., 2017 WL 5507565 (S.D. Fla. Nov. 7, 2017) (dismissing allegations for "purported violations without an explanation of the corresponding injury"); Gesten v. Burger King Corp., 2017 WL 4326101, at *6 (S.D. Fla. Sept. 27, 2017) (citing Spokeo and finding plaintiff's alleged injury is "precisely the type of abstract injury that Spokeo held was insufficient to satisfy the requirement of concreteness"); Stacy v. Dollar Tree Stores, Inc., 2017 WL 3531513, at *4 (S.D. Fla. Aug. 11, 2017) (citing Spokeo and finding plaintiff's claims asserted "only a bare procedural violation … and are thus not cognizable in federal court"); Higgins v. Trident Asset Mgmt, LLC, 2017 WL 1230537, at *2 (S.D. Fla. Mar. 28, 2017) (citing Spokeo and finding plaintiff lacked standing when he only alleged "a bare procedural violation, divorced from any concrete harm"); Doe v. Nat'l Bd. of Med. Examiners, 199 F.3d 146, 153 (3d Cir. 1999) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated").

Here, there are no allegations as to how or why any of the alleged barriers relate to Plaintiff's disability, or how or why the alleged barriers caused any actual injury to Plaintiff. *And since (a) the alleged barriers involve elements which are designed and intended for wheelchair- or cart-bound disabled persons and (b) Plaintiff, by his own admission, does not use a wheelchair or cart, Plaintiff lacks standing as a factual matter.*[3]

2.    Plaintiff Fails to Allege a Threat of Future Injury

In addition to failing to sufficiently allege a concrete injury in fact, Plaintiff fails to

---

[3]    Plaintiff vaguely alleges he "personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities and amenities within the Premises …." ECF No. 1 at ¶ 6. Again, though, nowhere in the complaint is that legal conclusion supported with *actual facts* as to how or why Plaintiff was denied access *because of his particular alleged disability*.

sufficiently allege "'a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury.'" Marod Supermarkets, 733 F.3d at 1334 (quoting Shotz v. Cates, 256 F.3d 1077, 1082 (11th Cir. 2001)) (emphasis in original). Instead, Plaintiff merely alleges he "will absolutely return to the Premises and avail himself of the services offered when Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities." ECF No. 1 at ¶ 7.[4]

"To assess the threat of future violations of the ADA, courts have generally focused on four factors when deciding the likelihood that a plaintiff will return to the defendant's facility and suffer a repeat injury." Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1316 (M.D. Fla. 2010). Those are "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near defendant." Id. (quoting Fox v. Morris Jupiter Assocs., 2007 WL 2819522, at *9 (S.D. Fla. Sept. 21, 2007)).

Here, Plaintiff does not allege his proximity to the Properties, other than stating he resides in the same county, and Plaintiff completely fails to allege his frequency of travel near the Properties.[5] Significantly, Plaintiff only visited each of the Properties one time before filing this lawsuit. ECF No. 1 at ¶ 6.

Plaintiff's single, isolated visit to each of the Properties warrants the dismissal of Plaintiff's complaint. See Kennedy v. Solano, 735 Fed. Appx. 653, 655 (11th Cir. 2018) (one

---

[4]     Plaintiff repeats that same conclusory allegation in paragraph 12 of his complaint, stating he "will absolutely return to the Premises when the Defendants modify the Premises or modify the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA." Id. at ¶ 12.

[5]     In his answers to the Court's interrogatories, Plaintiff states he resides 27.9 miles from Burger King #5777 and 30.6 miles from Burger King #4451. ECF No. 5 at p. 2.

visit to property before filing suit insufficient to show plaintiff "will suffer an actual or imminent injury in the future"). In granting a motion to dismiss, the court in Bowman v. G.F.C.H. Enterprises, Inc., 2014 WL 5341883 (S.D. Fla. Oct. 20, 2014), stated the following, all of which is equally applicable here:

> Plaintiff does not allege to have visited the propert[y] before the underlying visit, between the time of the visit and when she filed the complaint, or since she filed the complaint. Simply put, there is no personal history of use of the subject facilities other than the lone, underlying visit. See Access Now, Inc. v. South Florida Stadium Corp., 161 F. Supp. 2d 1357, 1364–65 (S.D. Fla. 2001) (finding personal history of use of facility and residence in the area supported Article III standing). Nor does Plaintiff allege any connection to the properties, such as friends or family located nearby.
>
> Plaintiff's factual allegations demonstrate isolated and therefore infrequent contact with the subject properties, and a complete lack of connection to the subject properties. For these reasons alone, Courts have dismissed cases for lack of standing. See, e.g., Lamb v. Charlotte County, 429 F. Supp. 2d 1302, 1309–11 (M.D. Fla. 2006) (finding infrequent contact with property, failing to visit property since filing complaint, and no connection to the property warranted finding of no standing); Gomez v. Dade County Federal Credit Union, 2014 WL 1217965, at *4 (S.D. Fla. Mar.24, 2014) (plaintiff lacked standing where, inter alia, there was no factual support for contention that the subject facility was convenient); Rosenkrantz v. Markopoulos, 254 F. Supp. 2d 1250, 1253–54 (M.D. Fla. 2003) (plaintiff lacked standing where, in part, plaintiff's travel to the area was "irregular, occasional, and infrequent").

Id. at *3; see also New v. Lucky Brand Dungarees Stores, Inc., 51 F. Supp. 3d 1284, 1285 (S.D. Fla. 2014) (dismissing complaint where complaint contained no allegations that plaintiff frequently shopped at the property at issue or that such property was in close proximity to where he lives); Molski v. Kahn Winery, 405 F. Supp 2d. 1160, 1163-64 (C.D. Cal. 2005) (where a plaintiff visits a public accommodation "only once, the lack of a history of past patronage seems to negate the possibility of future injury at [that] particular location").

In addition, Plaintiff fails to sufficiently allege an intent to return to the Properties. "While specific dates of return may not be required, 'some day' intentions – without any

description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of 'actual or imminent' injury that our cases require." <u>Hoewischer v. Joe's Properties, LLC</u>, 2012 WL 139319, at *4 (M.D. Fla. Jan.18, 2012) (citing <u>Lujan</u>, 504 U.S. at 564).

Courts routinely reject vague and conclusory "plan of return" allegations such as those contained in Plaintiff's complaint. <u>See, e.g.</u>, <u>Bowman v. G.F.C.H. Enterprises, Inc.</u>, 2014 WL 5341883, at *3 (S.D. Fla. Oct. 20, 2014) (granting motion to dismiss where plaintiff "made the conclusory allegation that she 'desires to, and would re-visit' the subject properties 'to avail herself of the goods, services, facilities, privileges, advantages and/or accommodations' and to assure 'compliance with the ADA'") ; <u>Hilson v. D'More Help, Inc.</u>, 2015 WL 1737688, at *6 (S.D. Fla. Apr. 16, 2015) (rejecting allegations that plaintiff "generally claims that he intends to return to Defendant's business location sometime in the future"; plaintiff failed to "allege any facts showing that he has concrete plans to visit that location in the near future, or plans to return at a particular point in time"); <u>National Alliance for Accessibility, Inc. v. Par Re Bc Cf, LLC</u>, 2013 WL 1296272, at *3-4 (M.D. Fla. Mar. 12, 2013) (finding no standing due to "vague and speculative" allegations that plaintiff intends to return to defendant's property); <u>Lamb v. Charlotte County</u>, 429 F.Supp.2d 1302, 1311 (M.D. Fla. 2006) (no standing where "allegations of intent to return to the property ... lack the specificity required to maintain a suit for injunctive relief"); <u>Tampa Bay Americans with Disabilities v. Nancy Markoe Gallery, Inc.</u>, 2007 WL 2066379, *2 (M.D. Fla. May 3, 2007) (finding that the plaintiff failed to demonstrate a real and immediate threat of future injury when she alleged that she had "the present intention to return to the [facility] in the immediate future, at least three or four times during the next twelve months and thereafter, and probably more often"); <u>Access for the Disabled, Inc. v. Rosof</u>, 2005 WL

3556046, *2 (M.D. Fla. Dec. 28, 2005) (holding that the plaintiff insufficiently pled the threat of a real future injury even though he alleged that he intended to return to the site "annually" and in the "near future" to verify compliance with ADA, noting that the plaintiff did not allege any regular contact with the facility); Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd., 2005 WL 2989307, at *4 (N.D. Tex. Nov. 7, 2005) (dismissing complaint which merely alleged that plaintiff "plans to return to the property to avail himself of the goods and services offered to the public at the property"); Access 4 All Inc. v. Oak Spring, Inc., 2005 WL 1212663, at *5 (M.D. Fla. May 20, 2005) ("mere expressed desire does not by itself imply an intent to return"); Steelman v. Florida, 2013 WL 2371276, at *1 (M.D. Fla. May 30, 2013) (finding that plaintiff's bare allegation that she plans to return to the property insufficient to establish a real and immediate threat of future injury); Stringham v. Apopka Shopping Center LLP, 2013 WL 6891577, at *2 (M.D. Fla. Dec. 31, 2013) (same).

D.    **Plaintiff's Alleged "Tester" Status**

In addition to vaguely alleging he is a "bona fide patron" of the Properties, ECF No. 1 at ¶ 6, Plaintiff alternatively attempts to allege standing as a "tester." Id. at ¶ 11. However, even under such an argument, Plaintiff must still plead plausible facts sufficient to establish standing and entitlement to injunctive relief – the only relief available under Title III of the ADA. Marod Supermarkets, Inc., 733 F.3d at 1328.

In Marod Supermarkets, the Eleventh Circuit made clear that "[e]ach plaintiff must establish standing on the facts of the case before the court. *That is equally as true about a regular customer of a public accommodation as it is for a tester ....*" Id. at 1340. Simply put, a plaintiff's mere status as a "tester," standing alone, is insufficient to confer standing. See, e.g., Stringham v. 2921 Orlando Drive LLC, 2014 WL 2215769, at *2 (M.D. Fla. May 28, 2014)

("'th[e] conclusion [that the plaintiff is a tester] alone is not enough'") (quoting Marod Supermarkets, 733 F.3d at 1340 (alteration in original)); Longhini v. J.U.T.A., Inc., 2018 WL 1305909, at *4 (M.D. Fla. Mar. 13, 2018) ("the tester motive has been recognized as legitimate, but a desire to return to test for ADA compliance has not been deemed sufficient, without more, to support standing").

### E.   As a Serial Filer, Plaintiff's Allegations are Implausible

Plaintiff's status as a serial filer of ADA Title III lawsuits completely undercuts his supposed standing.  In all of the more than 1,900 ADA lawsuits Plaintiff has filed in Florida district courts, he has necessarily alleged an "intent to return" to the property at issue in each case.  However, the more lawsuits Plaintiff files, the *less plausible* each such allegation becomes. As the court held in Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368, 1374–75 (M.D. Fla. 2004):

> [I]n view of his extensive litigation history, [the plaintiff's] professed intent to return to the property is insufficient.  Indeed, to satisfy Article III's standing requirements, [the plaintiff] has professed an intent to return to all fifty-four of the properties he has sued.  This is simply implausible.

In Tiger Partner, the plaintiff had filed fifty-four ADA Title III lawsuits.  Here, Plaintiff has filed more than 1,900 ADA lawsuits in Florida alone.  If professing an intent to return to fifty-four properties is "implausible," then professing an intent to return to more than 1,900 properties surely borders on impossible.  See also, e.g., Brother v. CPL Investments, Inc., 317 F. Supp. 2d 1358, 1369 (S.D. Fla. 2004) (finding plaintiff lacked a credible intent to return to the facility because "in the last year, he has been a plaintiff in more than 50 other suits in Florida which were brought pursuant to the ADA"); Brother v. Rossmore Tampa Ltd. P'ship, 2004 WL 3609350, at *4 (M.D. Fla. Aug. 19, 2004) ("The Court, however, finds that Plaintiff's professed intent to return to Defendant-hotel lacks credibility [since] Plaintiff has been a plaintiff in over

seventy suits against places of public accommodations brought pursuant to the ADA"); <u>Access 4</u> <u>All Inc. v. Oak Spring, Inc.</u>, 2005 WL 1212663, at *5 (M.D. Fla. May 20, 2005) ("[I]n order to attempt to satisfy the constitutional standing requirement of Article III, Mr. Esposito has stated that he intends to return in the future to the approximate one-hundred hotels that he has sued. While this may be so, the Court ... [finds] that such a contention is simply implausible and in any event is insufficient to evidence the required threat of future injury to establish standing."); <u>Harris v. Stonecrest Care Auto Ctr.</u>, LLC, 472 F. Supp. 2d 1208, 1213 (S.D. Cal. 2007) ("While the Court acknowledges Mr. Harris' right to file ADA lawsuits to remedy denial of access violations, the reality is he has sued so many different establishments that it is impossible to believe he routinely visits the same establishments...."); <u>Molski v. Mandarin Touch Rest.</u>, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005) ("A serial plaintiff's extensive litigation history can undermine his professed intent to return ... As a result, Mr. Molski's professed intent to return to the Mandarin Touch is insufficient to establish standing ... Molski's expressed intent to return to 400 or more businesses spread across the entire state of California is even more questionable.").

## V.   <u>Conclusion</u>

Plaintiff's complaint should be dismissed.  Plaintiff lacks standing and thus this Court lacks subject matter jurisdiction, and Plaintiff's complaint fails to state a claim upon which relief can be granted.

[This space intentionally left blank.]

Dated:      August 10, 2020              Respectfully submitted,
            Boca Raton, FL

                                          *s/ Adam S. Chotiner*
                                          Adam S. Chotiner, Esq.
                                          Florida Bar No. 0146315
                                          E-Mail: achotiner@sbwh.law
                                          SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
                                          7777 Glades Road, Suite 400
                                          Boca Raton, FL 33434
                                          Tel:  (561) 477-7800
                                          Fax:  (561) 477-7722
                                          Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on August 10, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
Adam S. Chotiner

## <u>SERVICE LIST</u>

*Howard Cohan v. Phoenix of West Palm Beach, LLC, et al.*
Case No. 9:20-cv-81166-DMM
United States District Court, Southern District of Florida

| | |
|---|---|
| Gregory S. Sconzo, Esq.<br>E-Mail:  greg@sconzolawoffice.com<br>The Law Office of Gregory S. Sconzo, P.A.<br>5080 PGA Boulevard, Suite 213<br>Palm Beach Gardens, FL 33418<br>Tel.:  (561) 729-0940<br>Fax:  (561) 491-9459<br>Counsel for Plaintiff<br>*Via CM/ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman<br> & Hermann, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, FL 33434<br>Tel.:  (561) 477-7800<br>Fax:  (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |